HENRY SEVIGNY *vs.* SOCIETE ST. JEAN BAPTISTE.

JUNE 8, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Beneficial Societies.*

Under a by-law of a beneficial society which provides that the dues shall be paid monthly in advance and that "the member who does not pay his dues for a period of three consecutive months is dropped and loses by that fact all his right to indemnity in death or sickness," a member whose dues at the time of his death were in arrear for three months had ceased to be a member without any other action of the society being required to remove him from membership.

ASSUMPSIT. Heard on exceptions of plaintiff and overruled.

VINCENT, J. The plaintiff brought his suit in the district court of the fourth judicial district to recover the sum of

$250 which he claims is due to him under the by-laws of the defendant society, he being the heir of his son Ovide Sevigny who, at the time of his death, was a member thereof in good standing.   After a decision for the defendant for costs in the district court, the plaintiff claimed a jury trial.   In the Superior Court, at the close of the testimony, the presiding justice directed a verdict for the defendant.   The plaintiff's exception to the direction of a verdict for the defendant is now before this court.

It appears that under the by-laws of the society members were required to pay into the treasury thereof certain sums of money for its maintenance and support, which said payments were to be made monthly in advance.

The by-laws of the society also contained certain other provisions regarding the payment of these monthly dues and prescribed certain penalties which would follow a noncompliance therewith, among which are the following:

"At the death of a member the society shall pay to the heir the sum of two hundred and fifty dollars.   If the deceased has not made a will, the insurance will go to the widow; in the absence of a widow, to the children; and in the absence of children, to the legal heirs.   In case none of the heirs hereinbefore mentioned live, the insurance shall remain in the treasury of the society."

"Every member who will pay his contribution at or before the first regular monthly meeting will be considered as being in good standing.   Without regard to the date, the contribution for the month of admission shall be paid in full."

(1)   "The member who does not pay his dues for a period of three consecutive months is dropped and loses by that fact all his right to indemnity in death or sickness."

Ovide Sevigny, the son of the plaintiff, had, at the time of his death, been a member of the defendant society for a number of years.   On the 7th of February, 1912, he paid his dues for the months of January and February of that year. He died on June 9, 1912, without having made any further

payment and therefore, at the time of his death, his dues were in arrear for the months of March, April and May. In the words of the by-law, he had not paid his dues for three consecutive months. The defendant claims that, under these conditions and according to the terms of the by-laws, the plaintiff's son had, at the time of his death, ceased to be a member of the defendant society, and therefore that the plaintiff could not claim the benefit of $250 which otherwise might have accrued to him.

The plaintiff claims that the terms of the by-law relating to the penalty arising for nonpayment of dues does not make it automatic in its action, but only forms a basis upon which the society might proceed to expel the delinquent member if it should deem it desirable to do so. We cannot agree with this contention of the plaintiff. The language of the by-law, it seems to us, makes it clear that a member who becomes in arrears for three months, from that fact, ceases to be a member from that moment.

The further contention of the plaintiff that the dues of his son, at the time of his death, were not in arrears for three months is without merit. The dues were payable in advance. They were not paid for the months of March, April and May. There is some provision in the by-laws that a member paying his dues at the monthly meeting shall not be deemed to be in arrears, but the application of that rule to the present case would not be of benefit to the plaintiff because his son paid no dues at the monthly meeting in either March, April or May.

The plaintiff also excepted to the refusal of the trial court to direct a verdict for the plaintiff, but such exception, in view of the conclusions already reached, does not demand consideration.

The plaintiff's exceptions are overruled, and the case is remitted to the Superior Court, with direction to enter judgment for the defendant on the verdict.

*Anthony V. Pettine,* for plaintiff,

*Alberic A. Archambault, Raoul Archambault,* for defendant.